ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com
ARA KARAMIAN (SBN 315385)
E-mail: arak@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NIPA INC., a California corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS**<br><br>2. **SPECIFIC PERFORMANCE OF OBLIGATION TO PRODUCE RECORDS FOR AUDIT**<br><br>[29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185] |

Plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, alleges:

## JURISDICTION AND VENUE

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans against an employer in accordance with the terms and conditions of the plans, the collective bargaining agreements to which the employer

is bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employer through enforcement of the terms of the collective bargaining agreements and the plans (Claim 1); and (b) compel the employer to produce records for an audit to determine if additional amounts are due (Claim 2).  This Court has jurisdiction pursuant to sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer resides or may be found in this district.

## PARTIES

2.      Plaintiff ("ADMINCO") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (collectively "Trust Funds"). Each of the Trust Funds is an express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of

ERISA (29 U.S.C. § 1002(37)(A)).  Each of the Trust Funds exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  ADMINCO and the Trust Funds' principal places of business are in the County of Los Angeles, State of California.

3.    ADMINCO is informed and believes, and on that basis alleges, that defendant Nipa Inc. ("EMPLOYER"):  is a corporation organized and existing under the laws of the State of California; has a principal place of business in the City of Santa Ana, County of Orange, State of California; and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

## AGREEMENTS

4.    The EMPLOYER is, and at all relevant times was (including from at least since June 22, 2017, bound to certain collective bargaining agreements of the Southern California District Council of Laborers and its affiliated local Unions (collectively "Laborers Union") known as the Construction Master Labor Agreements, including one known as the Southern California Master Labor Agreement, for certain work for the Azusa Unified School District ("District") covered by a project labor agreement between the District, the Los Angeles and Orange Counties Building and Construction Trade Council and certain craft councils and unions ("Project Labor Agreement").

5.    Pursuant to the Construction Master Labor Agreements and Project Agreement, employers become – and the EMPLOYER became – bound to the terms and conditions of the various trust agreements that created each of the Trust Funds ("Trust Agreements").  When referenced collectively hereinafter, the Construction

Master Labor Agreements, the Project Agreement and the Trust Agreements are referred to as "the Agreements."

6.     Under the terms of the Agreements, employers, including the EMPLOYER, are required to submit monthly fringe benefit contributions ("Monthly Contributions") to the Trust Funds for all hours worked by (or paid for) their employees who perform work covered by the Agreements ("Covered Work").

7.     Under the terms of the Agreements, employers, including the EMPLOYER, are required to submit to the Trust Funds, with their Monthly Contributions, monthly reports, itemized by project, listing the names of their employees who performed Covered Work, their Social Security numbers, the hours of work performed by (or paid for) each, and the resulting Monthly Contributions due for them ("Monthly Reports").  The Trust Funds rely on Monthly Reports – and the accuracy of those reports – to determine the amount of Monthly Contributions due to the Trust Funds by employers and the credit toward fringe benefits to be allocated to their employees.

8.     The Agreements provide for the payment of interest on delinquent Monthly Contributions from the date due at a rate set by the trustees of the Trust Funds.  The trustees have set that rate at five percent (5%) above the prime rate set by the Federal Reserve Board of San Francisco, California.  The Agreements also provide for the payment of liquidated damages for each month of delinquent Monthly Contributions or Monthly Reports, for each Trust Fund separately, in the amount of twenty percent (20%) of the delinquent Monthly Contributions due to the Trust Fund or $25, whichever is greater (except with respect to the Laborers Contract Administration Trust Fund for Southern California, which assesses liquidated damages at the greater of $20 or ten percent (10%)).  In addition,

employers are required to pay fees for the submission of checks not honored by the banks upon which they are drawn.

9.    The failure of employers to pay Monthly Contributions when due causes damages to the Trust Funds and its participants beyond the value of the unpaid Monthly Contributions, which are difficult to quantify.  Apart from the fees and costs incurred in litigation, the harm caused includes the cost of collecting the Monthly Contributions from employers or third parties, the cost of special processing to restore employee fringe benefit credits because of late Monthly Contributions, employee loss of health insurance coverage (even if later restored) and medical harm to participants and beneficiaries who might have foregone medical care when notified that their insurance ceased because of their employer's failure to pay Monthly Contributions.  The liquidated damages provision of the Agreements was meant to compensate for the loss to the Trust Funds, which is incurred even if the Monthly Contributions for a given month are later paid.  It is based on the Trust Funds' ratio of collection costs over amounts collected, which are regularly reported to the Trust Funds' trustees.

10.    Under the terms of the Project Labor Agreement, employers, including the EMPLOYER, agree to subcontract Covered Work only to entities that agree to be bound to the terms of the Project Labor Agreement, including the obligation to submit Monthly Reports and Monthly Contributions to the Trust Funds.  Under the terms of the Agreements, employers, including the EMPLOYER, are, with respect to each subcontractor they use, required to provide the subcontractor with a copy of the Project Labor Agreement and to obtain a letter of assent from the subcontractor to be bound to the Project Labor Agreement and a participation agreement to make Monthly Contributions to the Trust Funds.

11.     The Agreements provide the Trust Funds with specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported all hours worked by (or paid for) their employees who perform Covered Work, and whether they have paid the appropriate Monthly Contributions and other amounts due by them to the Trust Funds.  The Agreements further provide that employers, including the EMPLOYER, must maintain records sufficient for the Trust Funds to verify proper Monthly Reporting, and, where there has been inaccurate Monthly Reporting, to determine the additional amounts due, and that the employer must pay the Trust Funds' audit fees if it is delinquent to the Trust Funds.  The Trust Funds have delegated the authority to perform such audits to ADMINCO.

12.     The Agreements require employers to pay the Trust Funds' attorneys' fees and costs of litigation to enforce the Agreements' foregoing terms, including the Monthly Contribution, Monthly Reporting, subcontracting and audit provisions.

### FIRST CLAIM FOR RELIEF
**(Against the EMPLOYER for Monetary Damages**
**Due to Employee Benefit Plans)**

13.     ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12 above as if fully set forth here.

14.     The EMPLOYER has failed to submit Monthly Contributions due by it to the Trust Funds.  Pursuant to the Agreements and sections 502(g)(2) and 515 of ERISA (29 U.S.C. §§ 1132(g)(2) and 1145), the EMPLOYER owes the Trust Funds a known amount of $21,319.18 for unpaid or late-paid Monthly Contributions and related damages (and/or late-submitted Monthly Reports) for the months of July

2017 through September 2017 ("Known Delinquency").  The Known Delinquency consists of: $16,227.95 in unpaid Monthly Contributions; $1,312.02 in interest (through October 24, 2018); $3,459.21 in liquidated damages; and $320.00 in audit fees.

15.    ADMINCO will establish by proof at the time of trial or through dispositive motion the Known Delinquency and any additional amounts determined to be due to the Trust Funds by the EMPLOYER, including any additional Monthly Contributions, interest, liquidated damages, audit fees, fees for the submission of checks not honored by the bank upon which they were drawn, attorneys' fees and costs, and damages for the failure to comply with obligations with respect to the use of subcontractors, including but not limited to the requirement to obtain a letter of assent and participation agreement.  If deemed necessary by the Court, ADMINCO will amend its complaint to add any additional amounts determined to be due.  Any and all conditions to the EMPLOYER's obligations under the Agreements to pay the Known Delinquency and any additional amounts due under the Agreements to the Trust Funds have been met.

16.    Under the terms of the Agreements and section 502(g)(2)(D) of ERISA (29 U.S.C. § 1132(g)(2)(D)), ADMINCO is entitled to an award of its attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (For Specific Performance of Obligation to Produce Records for Audit)

17.    ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 above as if fully set forth here.

346383.4

7

18.     ADMINCO requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with its obligation under the Agreements and ERISA to fully produce its books and records in order for ADMINCO to complete an audit to determine if additional amounts are due.

19.     An award of attorneys' fees and costs is provided for by Agreements and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

**WHEREFORE, ADMINCO prays for judgment as follows:**

<u>ON ADMINCO'S FIRST CLAIM FOR RELIEF</u>

[Against the EMPLOYER for Monetary Damages of Unpaid Fringe Benefit Contributions and Related Damages Due to Employee Benefit Plans]

A.     For $16,227.95 in unpaid Monthly Contributions, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(A).

B.     For $1,312.02 in interest through October 24, 2018 on unpaid or late paid Monthly Contributions at the rate of five percent above the variable prime rate set by the Federal Reserve Board of San Francisco, California, plus such additional interest that has or does hereafter accrue from October 24, 2018, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(B).

C.     For $3,459.21 in liquidated damages for unpaid and late-paid Monthly Contributions at, for each of the Trust Funds separately, the greater of 20% or $25 (except with respect to the Laborers Contract Administration Trust Fund for

Southern California, for which liquidated damages are sought at the greater 10% or $20), as required by the Agreements and 29 U.S.C. § 1132(g)(2)(C).

D.     For $320.00 in audit fees, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(E).

E.     For, according to proof, any additional Monthly Contributions, interest, liquidated damages, audit fees, fees incurred by the Trust Funds as a result of the submission of checks not honored by the bank upon which they were drawn, and damages for the failure to comply with obligations with respect to the use of subcontractors determined to be due, pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2) and 1145.

F.     For reasonable attorneys' fees and costs of suit, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D).

## ON ADMINCO'S SECOND CLAIM FOR RELIEF

[For Specific Performance of Obligation to Produce Records for Audit]

A.     For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to submit to an audit of the EMPLOYER's records, to fully cooperate with ADMINCO with respect to the audit in order for ADMINCO to determine the total amount due to the Trust Funds by the EMPLOYER, and, specifically, to produce to ADMINCO the following payroll and business records – and any other records determined by ADMINCO to be necessary to conduct a full audit – for inspection, examination and copying:

A.1.   All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

A.2.   All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

A.3.   All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

A.4.   All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

A.5.   All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

A.6.   All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

A.7.   All records related to the formation, licensing, renewal or operation of the EMPLOYER.

B.   For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).  For such other relief that this Court deems appropriate, pursuant to any authority of the Court,

///
///
///
///

346383.4

11

1  including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E)

2  and 1132 (a)(3).

3

4  DATED: October 24, 2018            REICH, ADELL & CVITAN
                                      A Professional Law Corporation
5

6                                     By:_____/s/_____
                                            PETER A. HUTCHINSON
7                                            Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28