UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:18-cv-01931-JLS-KES                                Date: April 18, 2019
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT FOR (1) MONETARY DAMAGES AND (2) DISMISSAL OF CLAIM FOR EQUITABLE RELIEF WITHOUT PREJUDICE (Doc. 15)**

Before the Court is Plaintiff's Application for Default Judgment.[1]  (App., Doc. 15; Mem., Doc. 16.)  The Court finds this matter appropriate for disposition without hearing, as the written submissions are sufficient to enter judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Accordingly, the hearing set for April 19, 2019, at 10:30 a.m., is VACATED.  Having reviewed the Application and supporting documents, the Court GRANTS Plaintiff's Application.

I.   **BACKGROUND**

Plaintiff is a fiduciary administrator and collection agent of several employee benefit plans (collectively, the "Trust Funds"), which exist pursuant to Section 302 of the

---

[1] Though captioned as a motion, Plaintiff's submission is better characterized as an *Application* for Default Judgment.  *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. R. 55-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-01931-JLS-KES                                                                  Date:  April 18, 2019

Title:  Construction Laborers Trust Funds for Southern California Administrative
Company v. Nipa Inc.

Labor-Management Relations Act of 1947 ("LMRA"). [2]  (Compl., Doc. 1 ¶ 2.)  The Trust Funds are also employee benefit plans within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA") and are subject to certain Agreements setting forth the terms and conditions of Defendant's benefit payments to the Trust Funds.  (*Id*. ¶¶ 4-5.)

The Agreements require Defendant to make monthly fringe benefit contributions for all hours worked by employees who performed services in accordance with those Agreements.  (*Id*. ¶ 6.)  To determine the proper amount of fringe benefits, Defendant is required to submit monthly reports detailing the name, address, social security number, and hours worked that month for each employee.  (*Id*. ¶ 7.)  The Agreements require Defendant to pay interest on any delinquent contributions and liquidated damages if Defendant fails to pay fringe benefits or submit monthly reports in a timely manner.  (*Id*. ¶ 8.)

Plaintiff alleges that Defendant failed to submit some required payments and reports for the months of July 2017 through September 2017.  (*Id*. ¶ 14.)  Plaintiff alleges that Defendant owes $21,319.18 under the Agreements: $16,227.95 in unpaid fringe benefit contributions; $1,312.02 in interest (through October 24, 2018); $3,459.21 in liquidated damages; and $320.00 in audit fees.  (*Id.*)

On October 29, 2018, Plaintiff filed this action to enforce the Agreements pursuant to Section 502(g) of ERISA, bringing two claims for relief: (1) monetary damages for monies owed pursuant to the Agreements and (2) equitable relief in the form of an order directing Defendant to produce records for an audit to allow Plaintiff to determine if

---

[2] The Trust Funds include: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                        Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

Defendant has violated the Agreements beyond the instances alleged in the Complaint. (*Id.* ¶¶ 13-19.)

On January 7, 2019, the Clerk entered default against Defendant. (Default, Doc. 13.) Plaintiff now applies for default judgment on its monetary damages claim and requests that its claim for equitable relief be dismissed without prejudice. (App. at 2.) Plaintiff seeks $24,134.71, inclusive of attorneys' fees and costs. (Mem. at 6.)

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010). "[I]t follows from this that facts . . . not established by the pleadings of the prevailing party, or claims . . . not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

(1) the possibility of prejudice to the plaintiff,
(2) the merits of plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action,
(5) the possibility of a dispute concerning material facts,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                            Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

       (6) whether the default was due to excusable neglect, and
       (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright, Arthur R. Miller, & May Kay Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). This is because the allegations of the amount of damages suffered are not necessarily taken as true. *Geddes*, 559 F.2d at 560. Under Ninth Circuit law, a default judgment for money may be entered without a hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *See Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

### III. DISCUSSION

#### A. Plaintiff has satisfied Local Rule 55-1

Plaintiff's Motion satisfies Local Rule 55-1. *See* C.D. Cal. R. 55-1. Plaintiff includes a declaration supporting its Application stating: (1) that default was entered against Defendant on January 7, 2019 for failure to plead or otherwise respond to the Complaint; (2) that Defendant is not an infant or an incompetent person; and (3) that the Servicemembers Civil Relief Act does not apply. (Hutchinson Decl., Doc. 18 ¶¶ 3-4.) Because Defendant has not appeared in this case, service of the Application is not required. C.D. Cal. R. 55-1. Nevertheless, Plaintiff served Defendant with notice of the Application. (Hutchinson Decl. ¶ 5; App. at 3.) The Court therefore finds that the requirements of Local Rule 55-1 have been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                         Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

### B.    *Eitel* Factors

#### 1.    Prejudice to the Plaintiff

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy. *Id*. Absent entry of judgment, Plaintiff will not be able to obtain the relief to which it is entitled. Thus, this factor weighs in favor of default judgment.

#### 2.    Merits of Claims and Sufficiency of Complaint

The next two factors look at Plaintiff's likelihood of success on the merits, requiring it to "state a claim on which [it] may recover." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trs. Of Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4. Moreover, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267 (citing *Danning*, 572 F.2d at 1388).

Here, Plaintiff moves for default judgment under ERISA. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                                                 Date:  April 18, 2019
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

conditions of such plan or such agreement." 29 U.S.C. § 1145.  Plaintiff brings its claims pursuant to Section 502(g) of ERISA, which authorizes fiduciaries of ERISA employee benefit funds to bring suit to enforce employers' duties to make contributions to those funds.  29 U.S.C. § 1132(g)(2).

The Court finds that Plaintiff has sufficiently pleaded and established a likelihood of success on its ERISA claim.  Plaintiff pleads that it is the fiduciary administrator of the Trust Funds created and maintained pursuant to Section 302 of the LMRA.  (Compl. ¶ 2.)  Defendant, as an employer, was required to fulfill its obligations under the Agreements to make fringe benefit contributions to those plans.  The Complaint refers to, and Plaintiff includes as exhibits to its Application, copies of the Agreements which contain the specific provisions requiring Defendant to make contributions to the Trust Funds.  (Agreement Excerpts, Docs. 17-1 to 17-13.)  Each month's contribution is calculated based on the number of hours worked by covered employees.  (*Id.*; Compl. ¶ 7.)  Plaintiff pleads that Defendant failed to fulfill its payment and reporting obligations for the months of July 2017 through September 2017.  (Compl. ¶ 14.)

The Court finds these allegations sufficient to establish a likelihood of success on Plaintiff's ERISA claim against Defendant.

### 3. Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (citation omitted).  Plaintiff requests a total of $24,134.71: $16,227.95 in unpaid contributions; $1,675.54 in interest (through February 5, 2019, the eve of the filing of the Application); $3,459.21 in liquidated damages; $320.00 in audit fees; $1,900.96 in attorneys' fees; and $651.05 in costs.  (Mem. at 6.)  This amount is neither too large nor unreasonable in relation to Defendant's conduct.  *See, e.g., U.A.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                                      Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

*Local No. 467 Pension Trust Fund v. Hydra Ventures Inc.*, No. C-12-3746 EMC, 2013 WL 1007311, at *7 (N.D. Cal. Mar. 13, 2013) (seeking a total of $60,584.51 where Defendant failed to make required contributions between December 2010 and March 2011); *Tragni v. Manzanares*, No. CV 11-01173 EJD, 2011 WL 3740739, at *1-2 (N.D. Cal. Aug. 23, 2011) (seeking a total of $94,858.81 where Defendant failed to make required contributions between September 2010 through March 2011); *see also Pension Plan for Pension Trust Fund for Operating Eng'rs v. J & K Sweeping*, No. C 14-1179 CW, 2014 WL 4626008, at *6 (N.D. Cal. Sept. 15, 2014) ("[S]o long as the amount is reasonable, properly documented, and contractually justified, default judgment is warranted.").

Accordingly, the Court concludes that the amount of money requested does not weigh against default judgment.

### 4.     The Possibility of a Dispute Concerning Materials Facts

"The fifth *Eitel* factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010).  "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d, 1082 (C.D. Cal. 2012) (citing *Landstar Ranger*, 725 F. sup. 2d at 921-22).  As discussed above, Plaintiff's claim is well-pleaded.  Thus, a dispute concerning material facts is unlikely, and this factor weighs in favor of default judgment.

### 5.     The Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *Pepsico*, 238 F. Supp. 2d at 1177.  This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                      Date: April 18, 2019
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

the defendant is aware of the lawsuit. *Id.* (concluding that this factor favored default judgment where the defendant was properly served and contacted the plaintiffs' counsel to discuss the matter); *Craiglist*, 694 F. Supp. 2d at 1061 ("Plaintiff has proffered evidence showing Defendants were clearly aware of the pending litigation.") Defendant was served with the Summons and Complaint on November 20, 2018. (Proof of Service, Doc. 9.) However, Defendant has failed to answer or otherwise defend this action. The possibility of excusable neglect is therefore unlikely. Thus, this factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp. 2d at 1061. Although "[c]ases should be decided on their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 1177. Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id.* In this case, Defendant has failed to appear or respond. This factor therefore does not weigh against entering default judgment.

### 7. Conclusion as to the *Eitel* Factors

In sum, the *Eitel* factors weigh in favor of the entry of default judgment on Plaintiff's ERISA claim. Accordingly, for the reasons stated above, the Court GRANTS Plaintiff's Application as to Defendant's liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                  Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

## IV. **REMEDIES**

Having found that Plaintiff is entitled to the entry of default judgment, the Court addresses Plaintiff's requested remedies. Allegations regarding damages are not taken as true and must be independently proven. *See Geddes*, 559 F.2d at 560. Plaintiff seeks a total of $24,134.71: $16,227.95 in unpaid contributions; $1,675.54 in interest (through February 5, 2019, the eve of the filing of the Application); $3,459.21 in liquidated damages; $320.00 in audit fees; $1,900.96 in attorneys' fees; and $651.05 in costs. (Mem. at 6.) Section 502(g)(2) of ERISA provides that a fiduciary of an ERISA plan who files an action against an employer for failure to make required contributions and obtains a judgment in its favor may recover: "(A) unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages . . . [and] (D) reasonable attorneys' fees and costs." 29 U.S.C. § 1132(g)(2).

Plaintiff does not wish to further pursue its prayer for equitable relief and seeks dismissal of that claim without prejudice. (Mem. at 10.)

### A. **Unpaid Contributions, Interest, and Statutory Penalties**

Plaintiff requests $21,682.70 in damages: $16,227.95 in unpaid contributions; $1,675.54 in interest; $3,459.21 in liquidated damages; and $320.00 in audit fees. (Mem. at 6.) This amount reflects the Defendant's failure to make certain contributions and timely file certain reports from July 2017 through September 2017. A plaintiff may recover delinquent amounts discovered after suit was filed when "the following three requirements are satisfied: (1) the employers must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citations omitted). The first two requirements are met; the Court, in considering a motion for default judgment, takes Plaintiff's factual allegations as true,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                              Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

and Plaintiff's pleaded Defendant's delinquency in the Complaint. (*See*, *e.g.*, Compl. ¶ 14.) Moreover, the clerk entered default on January 7, 2019, and the Court in this Order finds that default judgment against Defendant is appropriate. Finally, the Agreements provide for collection of delinquent amounts, including liquidated damages, interest, and audit fees. (Agreement Excerpts.)

Yvonna Higa, the Collection Supervisor for Plaintiff, explained and calculated the unpaid contributions and associated liquidated damages, interest, and fees pursuant to the Agreements. (Higa Decl., Doc. 17 ¶¶ 3, 20-21; Delinquency Itemization, Doc. 17-14.) These damages are largely consistent with Section 502(g)(2) of ERISA, which allows for an award of unpaid contributions, interest thereon, and an amount equal to the greater of interest or "liquidated damages provided for under the plan in an amount not in excess of 20 percent [of unpaid contributions]." 29 U.S.C. § 1132(g)(2).

First, the Court finds the evidence adequately supports an award of $16,227.95 in unpaid contributions.

Second, the Court finds the evidence adequately supports a calculated award of $3,459.21 in liquidated damages and $320 in audit fees. That amount of liquidated damages, however, slightly exceeds the statutory cap of 20% of unpaid contributions; here, that is $3,245.59. The Court therefore reduces the award of liquidated damages to $3,245.59.

Finally, Plaintiff requests $1,675.54 in interest. This is based on the rate set forth in the Agreements as five percent above the variable prime rate set by the Federal Reserve Board of San Francisco, California. (Higa Decl. ¶¶ 14, 21; Delinquency Itemization.) Plaintiff sets forth its calculations, using variable interest rates, in a spreadsheet that takes into account the fluctuations between August 2018 and February 2019. (Delinquency Itemization.) Upon reviewing the calculations, the Court finds that an award of $1,675.54 is adequately supported.

Accordingly, the Court finds that an award of $16,227.95 in unpaid contributions, $3,245.59 in liquidated damages, $320 in audit fees, and $1,675.54 in interest is appropriate. The total amount awarded is $21,469.08.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES                                Date: April 18, 2019
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

### B. Attorneys' Fees and Costs

Local Rule 55-3 provides that when a default judgment is entered and an applicable statute provides for the recovery of reasonable attorneys' fees, those fees shall be calculated according to an enumerated schedule based on the amount of judgment. C.D. Cal. R. 55-3. For a judgment between $10,000.01 and $50,000, the corresponding attorneys' fees are $1,200 plus 6% of the amount over $10,000. *Id*. Here, that formula results in an award of $1,888.14 in attorneys' fees. Accordingly, the Court awards Plaintiff $1,888.14 in attorneys' fees.

The Court also concludes that an award of litigation costs is appropriate. In accordance with Local Rule 54-3, Plaintiff must submit a "Bill of Costs" and an "Application to the Clerk to Tax Costs" to recover any eligible litigation costs in this action. *See* C.D. Cal. R. 54-2, 54-2.1.

### C. Equitable Relief

Plaintiff requests dismissal of its claim for equitable relief contingent on an entry of judgment explicitly reserving Plaintiff's right to pursue legal and equitable remedies to determine and collect amounts that may be due from Defendant for any period after January 2018. The Court sees no injustice in granting this request. Accordingly, Plaintiff's claim for equitable relief is dismissed without prejudice as to any amounts due after January 2018.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Default Judgment is GRANTED, and the Court awards $16,227.95 in unpaid contributions, $3,245.59 in liquidated damages, $320 in audit fees, $1,675.54 in interest, $1,888.14 in attorneys' fees; and eligible litigation costs under Local Rule 54-3. The Court further DISMISSES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01931-JLS-KES												Date: April 18, 2019

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Nipa Inc.

Plaintiff's claim for equitable relief without prejudice as to any amounts due from Defendant after January 2018.

    The Court shall forthwith enter judgment consistent with this Order.

                                                                                           Initials of Preparer: tg